Randolph R. Melendez - SBN #296717
Law Offices of Randolph R. Melendez
12838 Central Ave
Chino, Ca 91710
(909)230-8558

ATTORNEY FOR
Jeanette Paredez

## UNITED STATES DISTRICT COURT FOR

## THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Case No  ED CR 20-603 JAK |
| | ) |
| | ) Sentencing Memorandum for |
| vs. | ) Jeannette Paredez |
| | ) |
| | ) Date: July  15 2021 |
| JEANETTE   BERNARDETTE | ) Time:  8:30AM |
| PAREDEZ | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

### SENTENCING MEMORANDUM ON BEHALF OF
### Jeanette Bernardette Paredez

#### DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, Jeanette Paredez through her undersigned attorney, respectfully submits his Sentencing Memorandum for this Honorable Court's consideration. Mrs. Paredez requests this Court to review the circumstances of her case pursuant to 18 U.S.C. § 3553, and impose a variance in her case. In support thereof, Mrs. Paredez states the following:

#### STATEMENT OF FACTS / Procedural History

1:  Mrs. Paredez plead guilty, pursuant to a plea agreement, to one count of mail fraud in violation of and Making and Subscribing to a False Income Tax

1

Return

2: Mr. Paredez sentencing hearing is set for July 15 2021. Based on Mrs. Paredez role and acceptance of responsibility, her total offense guideline level would have been a level 20 with a criminal history category of I.

   Thus, Mrs. Paredez would have been facing 33-41 months of imprisonment. See USSG Ch. 5, Sentencing Table.

3: Mrs. Paredez has agreed to make restitution.

### Discussion

   In this case at hand Mrs. Paredez embezzled over 925,000 dollars and she failed to claim the monies as income. The question at hand is how she will be able to make restitution.

 Mrs. Paredez has accepted responsibility. She admitted that she committed the instant offense because she was "**given so much authority**," and was "**not being monitored.**" "**The temptation got over me**." She further explained that she wants to use her pension and the equity in her home to pay towards restitution.

        As the probation reports states, **She has not obstructed this case in any way, she has accepted responsibility, she has no juvenile or adult criminal history,** her health is marginal, no substance abuse.

   She has fully cooperated as to her financial status in regards to making a plan for restitution. As a result we immediately came up with a plea agreement to facilitate this resolve.

   An examination of these facts shows that she may never make full restitution. We ask this court to consider these concerns while deciding the best for all involved.

   Here, she and her husband do own a home with equity and she does have a small pension.

   Although it may not seem like enough it is in the best interest of the victim to consider this as attempt to right the wrong.

   If we consider Mrs. Paredez age, (she is 50), and her reasonable work years that she may be able to have left in her life and factor them into a plan for restitution the more time she has the better the chance of fully make restitution.

   Simple math will show that may never happen, but we argue that the more

2

1  time she spends incarcerated the less time she will have to do so.

2       What we are trying to point out is that the more time that Mrs. Paredez

3  spends in jail at her age the less likely she will be able to attempt full

4  restitution.

       She does not have any specialized degrees of professional license. She is

5  an account specialist. Her average earnings were in the neighborhood of 30-40

6  k per year.

7       Once she is released from prison the prospects of finding high paying

8  employment are pretty slim. She will need time to regain respect and to move

   up the pay scale ladder.

9       The older she becomes the less likely she will be. Let's say she is

10 incarcerated for the maximum term the probation recommends. She will be 54-55

11 looking for a job as a convicted felon. It would be sometime thereafter

12 before she will recover and become productive.

13      If she was given less time and more probation time that would give her an

14 earlier start on going done the road to regularly earning money to start

   restitution.

15      Realistically speaking if she can expect to work until 66, assuming her

16 health holds up she would have 12-16 years to attempt to pay back the money.

17 The longer she will have the more she will be able to repay.

18      We realize that it is more likely she will never be able to fully repay,

19 but the more time she has the better chance she will have to get close. She

20 has already agreed to liquidate all her assets which include that family home

   and give up her retirement fund. She has fully accepted her role and wrong-

21 doing.

22  We would assert that the victims are further harmed by not giving her a

23 better chance to fix the matter.

24      Looking at the amounts and add up repayment after a prison sentence there

25 is a possibility of getting close to repayment. All concerned are better

   served if this court considers this fact when deciding sentence.

26                            **MITIGATION**

27  One of the facts of this case is that the activity was on going for ten

28 years. These were events that happened two-three times a month. One could

   argue that the victim would have known or should have known that this was

                                  3

1  occurring. A simple check would have revealed this and would it seem
2  reasonable that it went on for so long to argue that "but for their own"
3  actions, this crime would have not been so severe.

   Mrs. Paredez had a direct supervisor, his name was Cameron Edmon. The
4  fact that this went so long unnoticed would have been part of the problem.
5  But for the failure to properly supervise Mrs. Paredez the loss would not
6  have been so severe.

7      We offer this not to lessen the severity of Mrs. Paredez actions but only
8  to show that victim had opportunity to stop this early on but did not and
   therefore the amounts of loss was greater that could have been.
9
10

11                        **Family Circumstances**

12
13      Sentencing always involves hardships on loved ones. That's part of
   punishment. Family circumstances arguments are always made at sentencing in
14  one way or another. Mrs. Paredez is a grandmother who helps raise her
15  grandchildren. Since 2006, Paredez and her husband have resided at 3772 Tovar
16  Way, Chino Hills, California. The following family members also reside at the
17  house: Her son, Nicholas; their two grandchildren; and their daughter-in-law.
18      There combined income is needed to maintain the modest home for all the
19  family. Once Mrs. Paredez's income is no longer in the mix the whole family
   will suffer as a result. They are already faced with the loss of the home due
20  to the forfeiture for the purpose of restitution.
21      Her husband's income is not sufficient to maintain this on his own. So as a
22  result many more will also suffer due to Mrs. Paredez being taken out of the
23  picture. The shorter that time is the better outcome will be more likely. She
24  would serve a role model for others to see that if you **do wrong you need to**
   **admit and correct.**
25
   Mrs. Paredez realizes this affects the whole family as well as Cal Poly.
26  The longer she is held in confinement away from her family the more chance to
27  harm their lives. Paredez goal is to "pay the money back" to the victims of
28  this case. She wants to demonstrate to the Court that she is a "good
   citizen."

                                      4
                    _____
                        Jeannette Paredez Sentence Memo

1

2   This is something Mrs. Paredez desperately wants to avoid and hopefully,

3   this Honorable Court can depart downward for this as well.

4
### General Principles 18 U.S.C. § 3553(b
5

6   This section states in part that a District Court may impose a sentence

7   outside of the applicable Guidelines range when "the court finds that there

8   exists an aggravating or mitigating circumstance of a kind, or to a degree,

9   not adequately taken into consideration by the Sentencing Commission in

    formulating the guidelines that should result in a sentence different from

10  that described. In determining whether a circumstance was adequately taken

11  into consideration, the sentencing court shall consider only the sentencing

12  guidelines, policy statements, and official commentary of the Sentencing

13  Guidelines." In other words, a district court must determine whether the

    defendant's circumstances are sufficient to consider a downward departure.
14

15
### Statutory Analysis
16

17  Mrs. Paredez is NOT requesting straight probation, because a crime has been

18  committed and some sort of punishment is warranted. Mrs. Paredez is

19  recommending a sentence somewhere between probation and incarceration, with a

    provision that Mrs. Paredez perform community service. Sections 5K2.20 and
20
    5K2.0 allow this Honorable Court to sentence Mrs. Paredez as it feels just
21
    and within the law. As such a sentence between probation and incarceration,
22
    with a provision that Mrs. Paredez perform community service meets all of the
23
    requirements set out by Congress when the Guidelines were enacted.
24
    As the probation reports points out the factors to warrant a sentence out
25
    side the advisory guideline are; Early acceptance, an analysis of the nature

    and circumstances and the past history of the defendant.
26
    On the matter at hand we have shown that all these factors are positive
27
    and are in her favor for Mrs. Paredez.
28

## Conclusion

We ask the court to consider that she is not a threat to the public. This was not a violent crime. It does not serve the community to have her incarcerated. The community is better served by her motivation to right her wrong. She has not wasted the courts time with a trial or frivolous motions. She has immediately accepted responsibility and agreed to all asked of this court to start on the path of restitution.

Wherefore, Mrs. Paredez requests that this Honorable Court grant her Motions for Downward Departure and determine that her conduct warrants as much, Mrs. Paredez requests that this Honorable Court depart to a sentence between probation and incarceration, with a provision that Mrs. perform community service, home confinement and allow her more probation time to correct her wrong. We also ask the court when imposing sentence we ask that what ever confinement imposed that is should be served concurrent for both charges.

Mrs. Paredez is not a threat to the public she admits her wrong and is on the path to fix. Upon release she plans to spend the rest of her remaining years attempting to repay the funds she took. We still assert that the more time in release the more she will be able to move toward that goal.

I declare under penalty of perjury under the laws of the State of California stat the foregoing is true and correct.

Respectfully submitted,

Dated: 6/29/21

Dated: 6/25/01

RANDOLPH R. MELENDEZ ESQ.
**Attorney for Defendant**
**JEANETTE BERNARDETTE PAREDEZ**

6

Jeannette Paredez Sentence Memo